**Electronically Filed
Supreme Court
SCWC-13-0003064
23-FEB-2016
08:47 AM**

SCWC-13-0003064

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,

vs.

KENNETH A. MONIZ, Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0003064; CR. NO. 12-1-0176)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting, with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Kenneth A. Moniz seeks

review of the Intermediate Court of Appeals' ("ICA") May 15,

2015 Judgment on Appeal, entered pursuant to its April 17, 2015

Summary Disposition Order, which affirmed the Circuit Court of

the Third Circuit's ("circuit court") August 5, 2013 Judgment of

Conviction and Probation Sentence ("circuit court judgment").[1]

After entering into a conditional guilty plea, Moniz was

_____

[1]     The Honorable Glenn S. Hara presided.

convicted of Habitually Operating a Vehicle Under the Influence of an Intoxicant ("HOVUII"), in violation of Hawaiʻi Revised Statutes ("HRS") § 291E-61.5 (2007).[2] We accepted Moniz's Application for Writ of Certiorari, and we now vacate the ICA's Judgment on Appeal and the circuit court judgment and remand the case to the circuit court for further proceedings.

After being arrested for suspicion of operating a vehicle under the influence of an intoxicant, Moniz was taken to the police station, where he was read an implied consent form.[3]

---

[2]    HRS § 291E-61.5 provides in relevant part:

A person commits the offense of habitually operating a vehicle under the influence of an intoxicant if:  (1) The person is a habitual operator of a vehicle while under the influence of an intoxicant; and (2) The person operates or assumes actual physical control of a vehicle:  (A) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; . . . [or] (C) With .08 or more grams of alcohol per two hundred ten liters of breath[.]

[3]    The form read in relevant part:

1. ___   Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the persons [sic] breath, blood or urine as applicable.

2. ___   You are not entitled to an attorney before you submit to any tests [sic] or tests to determine your alcohol and/or drug content.

3. ___   You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content, none shall be given [sic], except as provided in section 291E-21. However, if you refuse to submit to a breath, blood, or

(continued...)

Moniz elected to take a breath test, which resulted in a breath alcohol content reading of 0.165 grams of alcohol per 210 liters of breath.  Moniz filed a motion to suppress the breath test results, on the basis that his Fourth Amendment rights (among other constitutional rights) were violated.  The circuit court denied the motion.  The ICA affirmed the circuit court's denial of this motion to suppress, relying on its opinion in State v. Won, 134 Hawai'i 59, 332 P.3d 661 (App. 2014).  On certiorari, Moniz contends that (1) the police improperly advised him that he was not entitled to an attorney in violation of HRS § 803-9; and (2) the ICA erred when it ruled that a Miranda warning was not required to be given to him before he decided whether to submit to a breath, blood, or urine test.  Moniz noted in his Application that this court had accepted certiorari in State v. Won, SCWC-12-0000858.

In State v. Won, 136 Hawai'i 292, 312, 361 P.3d 1195, 1215 (2015), we held that "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a free and unconstrained choice," and, thus, a defendant's decision to

---

(continued. . .)
          urine test, you shall be subject to up to thirty days
          imprisonment and/or fine up to $1,000 or the sanctions
          of 291E-65, if applicable.  In addition, you shall also
          be subject to the procedures and sanctions under chapter
          291E, part III.

3

submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched."  In accordance with Won, the result of Moniz's breath test was the product of a warrantless search, and the ICA erred by concluding that the circuit court properly denied Moniz's motion to suppress the breath test result.  Accordingly, Moniz's HOVUII conviction cannot stand.

IT IS HEREBY ORDERED that the ICA's May 15, 2015 Judgment on Appeal and the circuit court judgment are vacated, and the case is remanded to the circuit court for further proceedings consistent with this court's opinion in Won.

DATED:  Honolulu, Hawaiʻi, February 23, 2016.

M. Kanani Laubach
for petitioner

Kevin S. Hashizaki
for respondent

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

